No. 531

LASICH v. OHIO SAVINGS & TRUST CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1463. Decided March 16, 1925

297. CONTRACTS—1. Made for benefit of a third party, allows said party to sue thereon.

2. Where one of the parties has performed his uninforcible promise, the fact that prior thereto there was a lack of mutuality in the remedy is no defense.

WILLIAMS, J.

Frank Collins, entered into an agreement with Wm. Greenbaum and Louis Dery in which he agreed to sell a certain piece of real estate to them for $73,000. The Ohio Savings Bank and Trust Co. was made trustee, and the legal title to the property was vested in it. Greenbaum and Dery desired to have the real estate sub-divided into lots, and it was agreed that those to whom lots were sold should have title conveyed to them by the trustee upon tender of release value. Greenbaum price, and soon afterward transferred their and Dery paid $8000 down on the purchase interest in the land, for a valuable consideration, to the Toledo Building Co.

The property was then sub-divided and the Building Co. sold to George Lasich, one of the lots for $925 upon a land contract which provided for a down payment and the balance in installments. Lasich succeeded in fully paying for the lot, all payments have been duly made to the Toledo Building Co. The Building Co. then tendered to the trustee bank, $200 which was the release value of the lot, and demanded that a deed be executed to Lasich for the lot sold to him. The demand was refused by the trustee bank on the ground that the Building Co. was in default in performance of the original contract.

Lasich brought this suit to the Court of Appeals, by way of Appeal; from the Lucas Common Pleas, it being an action for specific performance. The Bank claimed that Lasich could not sue, there was no privity between it and Lasich; it claimed that the original contract and deed contained provisions which show that Lasich was not entitled to a deed. The bank also contended that the contract lacked mu-

tuality and therefore could not be specifically performed. The Court of Appeals held:

1. The prevailing doctrine in the United States is that when a contract is made for the benefit of a third party, such party may sue thereon. This rule is recognized in Ohio.

2. The provisions in the original contract which the trustee claims does not entitle Lasich to a deed, might sustain the trustee's contention but for other provisions which modify those in favor of the trustee.

3. The object of the trust was to enable the land to be sub-divided and sold to sub-purchasers. There is nothing in the original contract that will relieve the trustee from executing a deed to such sub-purchaser when the contract is fully completed with such sub-purchaser.

4. If Lasich has performed his unenforcible promise, the fact that before such performance there was a lack of mutuality in the remedy, is no defense.

5. So long as the trustee held legal title it was compelled to perform the obligations of the trust. Lasich therefore will be granted the relief asked for.

Attorneys—Samuel Z. Kaplan for Lasich; Taber, Chittenden, Northup, and Daniels, for Bank; all of Toledo.